IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ERICA DAVIS TEMPLE,** | ] |
| **Plaintiff,** | ] |
| v. | ] Case No.: 2:24-cv-634-ACA |
| **RELIANCE FIRST CAPITAL, LLC, et al.,** | ] |
| **Defendants.** | ] |

## **MEMORANDUM OPINION**

*Pro se* Plaintiff Erica Davis Temple sued Defendants Reliance First Capital, LLC and Dovenmuehle Mortgage, Inc. for violating the response and reasonable investigation requirements of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e) ("Count One"); breaching a mortgage agreement ("Count Two"); and breaching their covenants of good faith and fair dealing ("Count Three"). (Doc. 5 at 14–16).

Defendants moved to dismiss Ms. Temple's amended complaint for failure to state a claim (doc. 29), and Ms. Temple responded, attaching evidence outside the pleadings to her response briefs (doc. 40 at 8–27; doc. 41 at 9–29). Because Ms. Temple attached evidence outside the pleadings, the court converted the motion to dismiss into a motion for summary judgment and gave the parties an opportunity to present evidence that was pertinent to the motion. (Doc. 43; *see* docs. 45, 51);

Fed. R. Civ. P. 12(d). The court stayed discovery pending a ruling on the converted motion. (Doc. 63). Ms. Temple has since filed several other motions that remain before this court, including two motions for sanctions (docs. 48, 66), three motions for injunctive relief (docs. 54, 67, 70), a motion for leave to file a second amended complaint (doc. 58), three motions to lift the discovery stay and/or for Federal Rule of Civil Procedure 56(d) relief (docs. 65, 71, 73), and a motion for hearing (doc. 71).

For the reasons set out below, the court **WILL GRANT** Defendants' motion for summary judgment on Ms. Temple's RESPA claims and **WILL ENTER SUMMARY JUDGMENT** in their favor on those claims. (Docs. 29, 43). Because the court resolves the only claims over which it has original jurisdiction, the court **WILL DECLINE** to exercise supplemental jurisdiction over Ms. Temple's state law claims against Defendants and **WILL DISMISS** those claims **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3). Therefore, the court **WILL FIND AS MOOT** Defendants' motion for summary judgment on the state law claims.

In addition, the court **WILL DENY** Ms. Temple's motions for injunctive relief (docs. 54, 67, 70), motions for sanctions (docs. 48, 66), motion for leave to file a second amended complaint (doc. 58), motions for Rule 56(d) relief (docs. 65, 71, 73), and motion for hearing (doc. 71). And the court **WILL FIND AS MOOT** Ms. Temple's motions to lift the discovery stay. (Docs. 65, 71).

## I. BACKGROUND

In December 2021, Ms. Temple executed a mortgage and promissory note with Reliance, under which her mortgage payments were due on the first day of each month. (Doc. 5-1 at 11, 18). Reliance serviced the mortgage, and Dovenmuehle contracted with Reliance to subservice the mortgage. (Doc. 51-2 at 2 ¶ 3). In 2023, Ms. Temple experienced financial hardship and applied for a state loan assistance program, but Reliance declined to approve Ms. Temple's participation in the program. (Doc. 57 at 13–14). Reliance eventually approved her participation in a loss mitigation program. (Doc. 5-4 at 1). Although the loss mitigation program began sending mortgage payments on Ms. Temple's behalf, Reliance misplaced the payments and reported Ms. Temple's account as delinquent. (*Id.* at 1–2).

In January 2024, Ms. Temple's home septic pump failed, requiring renovation. (*Id.* at 2). She made a claim with her insurance company, which sent her a check. (*Id.*). Reliance told Ms. Temple to mail it the unendorsed check, but then after receiving the check, Reliance told Ms. Temple it had to be endorsed. (Doc. 5-4 at 2). Ms. Temple then endorsed the check and sent it to Reliance, but Reliance withheld 75% of the funds. (*Id.*).

In April 2024, Ms. Temple emailed Reliance, requesting a written response about Reliance's failures to timely enroll in the loan assistance program and release the rest of the insurance proceeds. (Doc. 5-3 at 1–2; *see also* doc. 41 at 3).

3

Ms. Temple also submitted a complaint through the Consumer Financial Protection Bureau ("CFPB") website, describing Reliance's misapplication of the loan assistance program funds to her mortgage payment account. (Doc. 5-4). In this complaint, she explained that Reliance was late to apply the program's payments to her account and inaccurately reported her account as delinquent to credit reporting agencies. (*Id.*).

In May 2024, Reliance responded to the CFPB complaint and Ms. Temple's email, stating that it received and applied the program's payments to her account from December 2023 to April 2024, and that it would backdate payments to the time of receipt. (Doc. 5-5 at 1). Later that month, Ms. Temple sent another email addressed to Reliance and Dovenmuehle, in which she again complained of delayed and misapplied loan assistance program payments to her account. (Doc. 5-6). In June 2024, Reliance responded that it needed more information about the errors Ms. Temple alleged in her request. (Doc. 5-7).

In September 2024, Ms. Temple submitted her second complaint through the CFPB website. (Doc. 5-8). She explained that various credit reporting agencies were reporting her account delinquent as a result of Defendants' inaccurate reporting, and she asserted that the misreporting led to her inability to get additional funding. (*Id.*). She also stated that Defendants were still withholding the insurance proceeds from her. (*Id.* at 2). A month later, Reliance responded to this complaint, indicating that it

backdated the program payments as it said it would in its May 2024 letter, sent credit corrections to the credit bureaus in June 2024, and sent an additional correction request to the credit bureaus in September 2024 in the hope they would expedite Ms. Temple's credit update. (Doc. 5-9).

## II. DISCUSSION

### 1. Motions for Injunctive Relief

Ms. Temple has filed one motion for injunctive relief and two supplemental affidavits in support of that motion. (Docs. 54, 67, 70). Because she requests relief in each filing, the court construes each filing as a separate motion for injunctive relief. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In her first motion for injunctive relief, Ms. Temple asks the court to "[o]rder Defendants to correct all credit reports," "immediately correct all credit inaccuracies," and cease further RESPA violations. (Doc. 54 at 5). In her second motion for injunctive relief, she asks the court to "enjoin Defendants from further harassment under [the Fair Credit Reporting Act ("FCRA"),] 15 U.S.C. § 1692c(a)(2)," "compel Defendants to correct credit reports within [forty-eight] hours," and "[c]ease . . . all current and future RESPA [v]iolations." (Doc. 67 at 4). And in her third motion for injunctive relief, Ms. Temple asks the court to order Defendants to "[c]orrect credit reports to reflect accurate mortgage status," "produc[e] . . . payment algorithms and service

5

agreements," and "[a]ddress irreversible harm from constructive foreclosure [of Ms. Temple's business property] and health collapse." (Doc. 70 at 3).

To obtain a preliminary injunction, Ms. Temple "must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of [injunctive] relief, that the balance of equities tip in h[er] favor, and that an injunction is in the public interest." *Ramirez v. Collier*, 595 U.S. 411, 421 (2022) (quotation marks omitted). In addition, the relief Ms. Temple requests in her motions cannot be greater than the relief she requests in her amended complaint. *See Noble Prestige Ltd. v. Galle*, 83 F.4th 1366, 1382–83 (11th Cir. 2023).

The court does not have the authority to give Ms. Temple the relief she seeks in her motions for two independent reasons. First, the Eleventh Circuit has held that under Rule 65, district courts lack authority to award injunctive relief when the plaintiff's complaint does not ask for injunctive relief in the first place. *See Noble Prestige*, 83 F.4th at 1382–84 (If the plaintiff's complaint "fails to invoke the equitable jurisdiction of the district court, . . . the issuance of a preliminary injunction under Rule 65 [i]s improper."). In Ms. Temple's amended complaint, she does not request injunctive relief for Defendants' violations of RESPA and breaches of covenants of good faith and fair dealing. (*See* doc. 5 at 4, 14, 16). Thus, she cannot request injunctive relief because she has not invoked the equitable jurisdiction of this court. *See Noble Prestige*, 83 F.4th at 1384.

Second, even if Ms. Temple had requested injunctive relief in her amended complaint, she cannot seek injunctive relief under RESPA or FCRA because neither statute provides for injunctive relief. Section 2605(f) of RESPA expressly provides for actual damages, statutory damages, and costs, but not injunctive relief. *See* 12 U.S.C. § 2605(f). Similarly, § 1681n of FCRA expressly provides for actual damages, punitive damages, costs, and attorney's fees, but not injunctive relief. *See* 15 U.S.C. § 1681n. To the extent Ms. Temple's motions for injunctive relief rely on any current or potential RESPA or FCRA claims, they must be denied.

Accordingly, the court **WILL DENY** Ms. Temple's motions for injunctive relief. (Docs. 54, 67, 70).

### 2. Motion for Summary Judgment

In deciding a motion for summary judgment, the court must determine whether, accepting the evidence in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]here is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Looney v. Moore*, 886 F.3d 1058, 1062 (11th Cir. 2018) (quotation marks omitted).

The court will both begin and end its analysis with Ms. Temple's RESPA claims. Ms. Temple alleges that Reliance and Dovenmuehle violated 12 U.S.C. § 2605(e)(2) and two accompanying CFPB implementing regulations known as

"Regulation X," 12 C.F.R. §§ 1024.35–36, by (1) failing to substantively respond to her qualified written request dated April 15, 2024; and (2) failing to timely respond to her notice of error dated May 31, 2024. (Doc. 5 at 14–15); *see Bivens v. Bank of Am., N.A.*, 868 F.3d 915, 918–19 & n.3 (11th Cir. 2017). In addition, she alleges Reliance violated the same by (1) misapplying the loss mitigation program payments to her mortgage; and (2) failing to timely correct the issues identified in her CFPB complaint. (*Id.* at 15).

"RESPA is a consumer protection statute that imposes a duty on servicers of mortgage loans to acknowledge and respond to inquiries from borrowers." *Bivens*, 868 F.3d at 918; *see* 12 U.S.C. § 2605(f). These inquiries include qualified written requests and notices of error. *See Bivens*, 868 F.3d at 918 (discussing qualified written requests); *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1243 (11th Cir. 2016) (discussing notices of error). The statute defines a "qualified written request" as "a written correspondence" that "(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower . . . that the account is in error." 12 U.S.C. § 2605(e)(1)(B). And Regulation X defines a "notice of error" as "any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred." 12 C.F.R.

§ 1024.35(a). Finally, Regulation X permits servicers to "establish an address that a borrower must use to submit a notice of error [or qualified written request[ in accordance with the procedures in th[ese] section[s]." *Id.* §§ 1024.35(c), 1024.36(b).

Defendants argue that Ms. Temple fails to establish that she sent them a qualified written request or notice of error because did not mail the qualified written request or notice of error to their designated address; rather, she emailed the April 15, 2024 and May 31, 2024 correspondences. (Doc. 30 at 7–9; doc. 31 at 7–9; doc. 52 at 17–18). The court agrees. Ms. Temple's proffered evidence demonstrates that she received mortgage statements designating "1 Corporate Drive, Suite 360, Lake Zurich, IL 60047-8945" as the exclusive mailing address for receiving qualified written requests and notices of error. (*See, e.g.*, doc. 40 at 11–12; doc. 41 at 10–11). And Ms. Temple does not dispute that she emailed the April 15, 2024 and May 31, 2024 correspondences. (*See* doc. 40 at 4; doc. 41 at 3).

Instead, Ms. Temple argues that the Eleventh Circuit "has held that servicers have a duty to respond to borrower inquiries, even if the correspondence is not sent to a designated address, as long as the servicer receives the communication, and it meets the requirements of a [qualified written request] or [notice of error]." (Doc. 40 at 4) (citing *Bivens v. Bank of Am., N.A.*, 868 F.3d 915, 919 (11th Cir. 2017). But

in *Bivens*, the Eleventh Circuit held the opposite.[1] *See* 868 F.3d at 920–21 ("Because [the mortgagor] failed to address his [qualified written request] to [the mortgage servicer's] designated address for [qualified written request] receipt, [the servicer] had no duty to respond to it. Thus, the district court did not err in granting summary judgment to [the servicer].").

As to Ms. Temple's claims against Reliance, specifically (*see* doc. 5 at 15), Reliance contends that Ms. Temple cannot invoke RESPA or Regulation X for its misapplication of loss mitigation program payments or other issues identified in her CFPB complaint (doc. 31 at 9). The court agrees. Section 2605 and Regulation X require servicers to acknowledge communications from borrowers, investigate the borrower's account, and correct the borrower's account if an error is found. *See* 12 U.S.C. § 2605(e); 12 C.F.R. §§ 1024.35–36. But they do not prohibit servicers from committing errors in the first instance, such as misapplying payments. *See* 12 U.S.C. § 2605; 12 C.F.R. §§ 1024.35–36. Nor do they obligate servicers to respond to CFPB complaints. *See* 12 U.S.C. § 2605; 12 C.F.R. §§ 1024.35–36. Accordingly, Ms. Temple's allegations that Reliance misapplied loss mitigation program

---

[1] *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 392 (2024) does not affect the Eleventh Circuit's holding in *Bivens* because there, the Eleventh Circuit relied on an agency's interpretation of its own regulations, 868 F.3d at 919–20, not an agency's interpretation of a statute, *United States v. James*, 135 F.4th 1329, 1334 n.1 (11th Cir. 2025).

payments and failed to remedy issues identified in her CFPB complaint fail as a matter of law.

For the reasons set out above, the court **WILL GRANT** Defendants' motion for summary judgment on Ms. Temple's RESPA claims and **WILL ENTER SUMMARY JUDGMENT** in their favor on those claims. Because the court resolves the only claims over which it has original jurisdiction, the court **WILL DECLINE** to exercise supplemental jurisdiction over Ms. Temple's state law claims against Defendants and **WILL DISMISS** those claims **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3). Therefore, the court **WILL FIND AS MOOT** Defendants' motion for summary judgment on the state law claims.

### 3. Other Motions

Below, the court will address the other motions still pending in this case, including Ms. Temple's motions for sanctions (docs. 48, 66), motion for leave to file a second amended complaint (doc. 58), motions to lift the discovery stay and/or for relief under Federal Rule of Civil Procedure 56(d) (docs. 65, 71, 73), and motion for hearing (doc. 71).

#### a. *Motions for Sanctions*

Ms. Temple moves for sanctions against Defendants under Federal Rules of Civil Procedure 11 and 37. (Docs. 48, 66). District courts exercise broad discretion in imposing Rule 11 and Rule 37 sanctions. *Fox v. Acadia State Bank*, 937 F.2d

1566, 1569 (11th Cir. 1991) (Rule 11 sanctions); *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (Rule 37 sanctions). Because the court resolves this action, the court **WILL DECLINE** to exercise its discretion to impose sanctions and **WILL DENY** Ms. Temple's motions for sanctions. (Docs. 48, 66).

       *b.*  *Motion for Leave to File a Second Amended Complaint*

A party gets one opportunity to amend "as a matter of course" and then may amend its pleading "only with the opposing party's written consent or the court's leave."[2] Fed. R. Civ. P. 15(a). Although the "court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), a district court may deny leave to amend as futile when the proposed claims would be subject to dismissal, *see Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1074 (11th Cir. 2017).

Ms. Temple requests leave to file a second amended complaint (doc. 58 at 1–4), attaching her proposed second amended complaint to the motion (*id.* at 5–14). Alongside the same RESPA claims that are discussed above, Ms. Temple's proposed second amended complaint alleges (1) violations of RESPA for retaliatory billing statements, failure to correct inaccuracies, and failure to adequately respond to

---

[2] After Ms. Temple filed her initial complaint and moved to proceed *in forma pauperis*, a magistrate judge found that she failed to state viable claims and ordered her to replead her complaint under 28 U.S.C. § 1915(e)(2). (Doc. 4). The magistrate judge warned Ms. Temple that "[c]onclusory and general assertions are insufficient to state a claim on which relief may be granted." (*Id.* at 18 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* doc. 4 at 10–11 (describing some of Ms. Temple's allegations as bare legal conclusions or vague and conclusory statements)).

Ms. Temple's inquiries (*id.* at 9–10, 12); (2) violations of FCRA for Defendants' failure to correct credit inaccuracies (*id.* at 8, 10); (3) violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3605(a), and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(a), for "systematically denying monetary compensation for damages that were offered to similarly situated white . . . borrowers" (doc. 58 at 8; *see also id.* at 13); and (4) breach of the contract for misapplying the loss mitigation program payments and withholding insurance proceeds (*id.* at 11–12).

The court finds that Ms. Temple's motion for leave to file an amended complaint is futile. First, as to the RESPA claims, Ms. Temple's assertion of the same RESPA claims as those discussed above is futile given the court's decision on the merits of those claims. And the new RESPA allegations—that Defendants failed to provide accurate and timely information, correct inaccuracies, and provide loan servicing information—are vague and conclusory, as are her allegations that Defendants issued inflated billing statements to retaliate against her. (*See id.* at 10, 12); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (cleaned up).

Second, Ms. Temple's allegations that Defendants violated the FHA and ECOA (*see* doc. 58 at 8, 13), and FCRA (*see id.* at 8, 10), are also vague and

13

conclusory, *see Ashcroft*, 556 U.S. at 678. Ms. Temple merely alleges that Defendants "willful[ly] fail[ed] to correct credit inaccuracies," and that they "provid[ed] preferential treatment to non-minority borrowers." (Doc. 58 at 10, 13). Finally, as to the breach of contract claims, Ms. Temple does not adequately allege that she and Dovenmuehle entered into a valid contract (*see* doc. 58 at 6, 11–12; *see also* doc. 4 at 12 (citing *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 303 (Ala. 1999) ("A plaintiff can establish a breach-of-contract claim by showing (1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages.") (quotation marks omitted))). And although Ms. Temple sufficiently alleges that she and Reliance entered into a valid contract (*see* doc. 58 at 6), she fails to allege that she fully performed under that contract (*id.* at 6 (inferring that she made untimely payments under the mortgage agreement); *see also id.* at 11–12; doc. 4 at 12).

Accordingly, the court **WILL DENY** Ms. Temple's motion for leave to file a second amended complaint as futile. (Doc. 58).

      *c.*  *Motions to Lift the Discovery Stay and Rule 56(d) Motions*

Ms. Temple moves the court to lift the discovery stay, citing Federal Rule of Civil Procedure 56(d), Defendants' pattern of obstructing justice, and irreparable harm as grounds to lift the stay. (Docs. 65, 71, 73). Because the court resolves the

14

only claims over which it has original jurisdiction and declines to exercise supplemental jurisdiction over Ms. Temple's state law claims, the court **WILL FIND AS MOOT** Ms. Temple's motions to lift the discovery stay. (Docs. 65, 71, 73).

Because Ms. Temple's motions to lift the discovery stay invoke Rule 56(d), the court also construes those motions as motions for Rule 56(d) relief. (Docs. 65, 71, 73); *see Erickson*, 551 U.S. at 94. Rule 56(d) allows a court to defer ruling on a motion for summary judgment if the party seeking relief "support[s] its request with an affidavit or declaration that specifically demonstrates how postponement . . . will enable it, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Isaac Indus., Inc. v. Petroquímica de Venezuela, S.A.*, 127 F.4th 289, 303 (11th Cir. 2025) (quotation marks omitted; alterations accepted).

These motions fail for the same reasons articulated in this court's April 29, 2025 order. (*See* doc. 63 at 2–3). In the first of her three pending Rule 56(d) motions, Ms. Temple neither presents an affidavit or declaration, nor demonstrates which specific facts discovery will yield that will allow her to rebut Defendants' showing of an absence of a genuine issue of fact. (*See* doc. 65 at 2–3). And in the second and third pending Rule 56(d) motions, although Ms. Temple attaches a notarized affidavit (doc. 71 at 6; doc. 73 at 5), her arguments do not demonstrate how discovery will enable her to rebut summary judgment (doc. 71 at 5–6; doc. 73 at 3–

15

4). That is, Ms. Temple does not claim that with discovery, she will be able to present evidence that she sent the qualified written request and notice of error to Defendants' designated address. (Doc. 71 at 5–6; doc. 73 at 3–4). Accordingly, to the extent Ms. Temple moves for Rule 56(d) relief in her motions to lift the discovery stay, the court **WILL DENY** her motions. (Docs. 65, 71, 73); *Isaac*, 127 F.4th at 303.

### d. Motion for Hearing

Ms. Temple also moved for the court to hold a hearing to discuss her motions to lift the discovery stay, her motions for sanctions, and her motions for injunctive relief. (Doc. 71 at 1). But because the court can resolve those motions without a hearing, the court **WILL DENY** Ms. Temple's motion for hearing. (*Id.*).

## III. CONCLUSION

The court **WILL GRANT** Defendants' motion for summary judgment on Ms. Temple's RESPA claims and **WILL ENTER SUMMARY JUDGMENT** in their favor on those claims. (Docs. 29, 43). Because the court resolves the only claims over which it has original jurisdiction, the court **WILL DECLINE** to exercise supplemental jurisdiction over Ms. Temple's state law claims against Defendants and **WILL DISMISS** those claims **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3). Therefore, the court **WILL FIND AS MOOT** Defendants' motion for summary judgment on the state law claims.

In addition, the court **WILL DENY** Ms. Temple's motions for injunctive relief (docs. 54, 67, 70), motions for sanctions (docs. 48, 66), motion for leave to file a second amended complaint (doc. 58), motions for Rule 56(d) relief (docs. 65, 71, 73), and motion for hearing (doc. 71). And the court **WILL FIND AS MOOT** Ms. Temple's motions to lift the discovery stay. (Docs. 65, 71, 73).

**DONE** and **ORDERED** this June 4, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE